1

2

3

4

5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6

7

8

9

10

DANIEL W. KELLER,

Plaintiff,

v.

WASHOE COUNTY, *et al.*,

Defendants.

Case No. 3:25-cv-00104-MMD-CSD

ORDER

11     Plaintiff Daniel W. Keller brings this civil rights action under 42 U.S.C. § 1983 to

12   redress constitutional violations that he claims he suffered while incarcerated at Washoe

13   County Detention Center. (ECF No. 1-1.) On March 7, 2025, the Court ordered Keller to

14   file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee

15   on or before May 6, 2025. (ECF No. 3.) The Court warned Keller that his case could be

16   dismissed if he failed to file a fully complete application to proceed *in forma pauperis* or

17   pay the full $405 filing fee for a civil action by that deadline. (*Id.* at 2.) That deadline

18   expired, and Keller failed to file a fully complete application to proceed *in forma pauperis*,

19   pay the $405 filing fee, or otherwise respond.

20     District courts have the inherent power to control their dockets and "[i]n the

21   exercise of that power, they may impose sanctions including, where appropriate . . .

22   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

23   (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

24   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

25   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

26   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

27   Cir. 1987) (affirming dismissal for failure to comply with court order). In determining

28   whether to dismiss an action on one of these grounds, the Court must consider: (1) the

1  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

2  docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of

3  cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

4  *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

5  *Malone*, 833 F.2d at 130).

6         The first two factors, the public's interest in expeditiously resolving this litigation

7  and the Court's interest in managing its docket, weigh in favor of dismissal of Keller's

8  claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

9  because a presumption of injury arises from the occurrence of unreasonable delay in filing

10  a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

11  F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

12  cases on their merits—is outweighed by the factors favoring dismissal.

13         The fifth factor requires the Court to consider whether less drastic alternatives can

14  be used to correct the party's failure that brought about the Court's need to consider

15  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

16  that considering less drastic alternatives *before* the party has disobeyed a court order

17  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

18  Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

19  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

20  order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

21  with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

22  Courts "need not exhaust every sanction short of dismissal before finally dismissing a

23  case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

24  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until and unless

25  Keller files a complete application to proceed *in forma pauperis* or pays the $405 filing fee

26  for a civil action, the only available alternative is to enter another order setting a new

27  deadline, notwithstanding the strain on judicial resources. Here, circumstances do not

28  indicate that this case qualifies as an exception: there is no hint that Keller requires

2

additional time nor is there evidence that he failed to receive the Court's order. Thus, because setting another deadline is not a meaningful alternative, the fifth factor favors dismissal.

The Court accordingly finds that the above factors weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Keller's failure to file a complete application to proceed *in forma pauperis* or to pay the $405 filing fee in compliance with this Court's March 7, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and to close this case. No other documents may be filed in this now-closed case. If Keller wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 14th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3